DECISION
Plaintiff appeals concerning the real market value (RMV) of certain personal property identified as Account 144550.
A trial was held in this matter. Darrell Lee Simpson participated on his own behalf. Paul Chalmers and Candace Slagel were present for Defendant. Subsequently, written arguments were received; the record closed March 5, 2008.
 I. STATEMENT OF FACTS
The subject property is described as a large excavator. It was not originally reported by Plaintiff as taxable personal property. After learning of the equipment, Defendant proceeded pursuant to ORS311.205, [1] the omitted property (OMP) statute. By way of two notices dated February 7, 2007, Defendant placed the subject property on the assessment rolls for the three tax years 2004-05 through 2006-07; the RMV was overestimated at that time. Defendant later revised its estimates of value. *Page 2 
Also included in the account are additional amounts for other equipment and supplies. Those original values determined by Defendant are not at issue in this appeal. They shall be added to the values herein determined for the subject excavator.
At time of trial, the parties had settled on corrected values for two of the four years, 2005-06 and 2007-08.[2] The trial itself, and later writings, focused on the remaining two years, 2004-05 and 2006-07. The summary, for the excavator only, is:

Tax Year Original OMP Plaintiff Defendant Trial Issue
2004-05 $105,290 $92,000 $98,560 Yes
2005-06 $101,930 $75,000 $75,040 No
2006-07 $84,170 $55,000 $70,560 Yes
2007-08 N/A[3] $55,000 $55,000 No

Plaintiff testified about his acquisition of the subject property. It is a 2003 140 LC-7 Hyundai Excavator (SN 11002). It was purchased when a year old for $112,000. Plaintiff paid $600 for delivery from Portland to Pendleton and took delivery on January 4, 2004, very close to the first assessment date at issue.
Plaintiff produced much raw data from auction sales of similar equipment. However, the information was not refined nor organized. For instance, transactions occurred in Connecticut, Canada, Kentucky, and North Carolina. Equipment conditions were not necessarily comparable. No allowances were added for delivery and any necessary refurbishing. *Page 3 
Plaintiff also produced the written estimate from a dealer in such equipment. That third party did not participate at trial. He estimated a market value range, as of September 2007, from $58,000 to $62,500. That is higher than the amount recommended by Defendant.
A key element to this appeal is the annual depreciation that should be deducted each year as the machine gets older. Plaintiff attempted to apply what he termed "reasonable amounts" in his value conclusions for each period. Defendant's approach was more analytical, relying upon annual studies and guidelines published by the Oregon Department of Revenue.
 II. ANALYSIS
ORS 307.030 commands that all tangible personal property, such as the subject property, shall be subject to assessment and taxation. January 1 is the assessment date for each tax year. ORS 308.007(2).
Several undisputed points stand out in this appeal. First, the subject property's RMV for the first year at issue is less than the purchase price occurring near the assessment date. Second, Plaintiff was unable to explain the details of his depreciation deductions. For instance, no specific double sales are identified. There are no details as to dates, adjustments or prices. Next, Defendant's appraiser testified in detail as to most necessary adjustments and conclusions.
The first year, near delivery of the excavator, is the keystone value. It is this base from which all subsequent years flow. The court is satisfied that the values derived by Defendant approximate the correct RMV for the tax years at issue. This is especially true given the reliance on statewide depreciation guidelines.
In these appeals, a preponderance of the evidence is required to sustain the burden of proof. That burden of proof shall fall upon the party seeking affirmative relief. ORS 305.427. Plaintiff has not met that statutory requirement in this record. *Page 4 
 III. CONCLUSION
The best evidence as to the value of the excavator is that offered by Defendant. The undisputed values in the account shall be carried at their original amounts. Now, therefore,
IT IS THE DECISION OF THIS COURT that the RMV for the excavator shall be set as follows:

Tax Year Excavator RMV
 2004-05 $98,560
 2005-06 $75,040
 2006-07 $70,560
 2007-08 $55,000; and

IT IS FURTHER DECIDED that all other items in this tax account shall be carried as originally valued and added to the omitted property values for the excavator.
Dated this _____ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on May 2,2008. The Court filed and entered this document on May 2, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] The parties requested that 2007-08 tax year be included in this appeal.
[3] There was no OMP notice; the 2007-08 values were placed on the roll in a timely manner. *Page 1